UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. MICHAEL TOWNSEND JONES         Docket Number: 05-cr-00296-JLK-01

**Petition on Probation and Supervised Release**

COMES NOW, Lynn J. Matesi, probation officer of the Court, presenting an official report upon the conduct and attitude of Michael Townsend Jones, who was placed on supervision by the Honorable Phillip S. Figa, sitting in the Court at Denver, Colorado, on the 17th day of January, 2006, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants including controlled substances during the course of treatment. The defendant will be required to pay the cost of treatment as directed by the probation officer.

On March 24, 2008, a modification was obtained to include the following:

1. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

2. The defendant shall remain compliant and shall take all medications that are prescribed by his treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER a modification of the defendant's conditions of supervised release to include the following:

> The defendant shall be placed on home detention for a period of six (6) months, to commence on a date as directed by the probation officer. During this period, the defendant shall remain at his place of residence at all times other than time spent at work or time spent on other activities approved in advance by the probation officer. This period of home detention shall be enforced by electronic monitoring. To permit this monitoring, the defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones. The defendant shall wear electronic monitoring devices and follow all other procedures specified by the probation officer. The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 20th day of May, 2008, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/ Lynn J. Matesi |
| | Lynn J. Matesi<br>United States Probation Officer |
| *s/John L. Kane* | Place: Colorado Springs, Colorado |
| John L. Kane<br>Senior United States District Judge | Date: May 20, 2008 |

# ATTACHMENT

On October 15, 2007, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided with a copy of them. The term of supervised release commenced on October 12, 2007.

On May 20, 2008 , the defendant and his attorney executed a form entitled "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modification of the conditions of supervised release. AUSA Judith A. Smith has been consulted and has no objection to the proposed modification.

The Court had previously been notified of the citation the defendant received for Driving Under the Influence (DUI) - Refusal, and Disorderly Conduct on February 6, 2008 (El Paso County Combined Court Case
No. 2008M001023). Due to his alleged behavior during the incident and concerns both his therapist and I had about his anger management issues, a modification was obtained to include mental health conditions. It is noted, the defendant has been participating in mental health counseling, seeing a psychiatrist and has been taking anti-anxiety medication since early April 2008.

On April 27, 2008, the defendant was cited for DUI, and Careless Driving by the Fountain, Colorado, Police Department (a case number has not yet been assigned in El Paso County Combined Court). According to the police report, on April 27, 2008, at approximately 2:15 a.m., the defendant almost caused an accident between two other vehicles and a police vehicle. The police officer subsequently initiated a traffic stop. The officer observed the defendant to be driving the vehicle with a passenger, Ruben Lovern. The officer smelled a strong odor of alcohol on the defendant. He also observed the defendant to have bloodshot eyes and slurred speech. The officer asked the defendant if he had been drinking or smoking marijuana. The defendant denied consuming/using either. The officer asked the defendant to perform some voluntary roadside maneuvers and the defendant became upset and refused to perform the tests. He became very belligerent and threatened to harm the officer on a few occasions, stating such things as, "Fuck you faggot," and, "Take these handcuffs off, so I can fuck you up."

The officer contacted the passenger, Mr. Lovern. Mr. Lovern informed the officer that the defendant had been at a bar and had a couple of beers. He reported that at the bar, the defendant got into a physical altercation with the bouncer and the Colorado Springs Police Department (CSPD) had been called. It is noted, the defendant was not charged/arrested by CSPD, but was instructed to leave the property. While the officer was talking to
Mr. Lovern, he observed a purple Crown Royal bag in Mr. Lovern's possession. The officer asked Mr. Lovern what was in the bag, and Mr. Lovern advised it contained over an ounce of marijuana. The officer looked in the bag and observed several small baggies containing marijuana. A subsequent search of the vehicle revealed a .375 milliliter bottle of Captain Morgan (approximately 1/4 remaining), and a glass pipe in the pocket attached to the rear of the driver's seat.

At the police station, the defendant continued to be belligerent and combative, and at one point, had to be restrained by two officers.

Mr. Jones called to report this arrest to me on April 28, 2008 (El Paso County Combined Court Case No. 2008M003248). In talking with the defendant, he admitted he had consumed a few beers at the bar; claiming he and a friend had drank a couple of pitchers. Mr. Jones acknowledged he knew that per his conditions of supervision, he was not to consume alcohol.

On May 4, 2008, the defendant was arrested by the El Paso County Sheriff's Office for two counts of 3rd Degree Assault, Obstructing a Police Officer, and Resisting Arrest.

According to the arrest report, the officers were called to a bar in the Fountain, Colorado area regarding reports of the defendant assaulting another customer. When officers arrived on the scene, witnesses reported the defendant had been escorted out of the bar and attacked another individual in the parking lot. He then ran toward a nearby building. Shortly thereafter, officers located the defendant behind a power box. The defendant had his hands in his front pants' pockets and was instructed on numerous occasions to take his hands out of his pockets and lay on the ground. The defendant continually refused, yelled profanities, and started to walk toward one of the officers. Due to his actions, he was Tased by one of the officers. He continued to be non-compliant, and had to be Tased again before police could properly secure him. During this time, he continued to yell profanities at the officers and once in handcuffs, made threatening remarks.

I spoke to the defendant regarding this arrest on May 5, 2008. He denied he had been drinking that evening. He claimed he was attacked by men outside of the bar when he arrived to pick up a friend who had called him for a ride.

The defendant now has three pending cases. The nature of these offenses and his aggressive behavior and actions in each incident is very concerning. While the defendant has not been convicted of any these offenses, by his own admission, he was drinking and driving on May 5, 2008. To hold the defendant more accountable and to restrict and monitor his activities, it is respectfully recommended that the defendant's conditions be modified to include six (6) months of the electronic home monitoring program. I will continue to monitor the status of his pending court cases and notify the Court if the defendant pleads guilty or is sentenced in any of these pending cases.